Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone: 415-772-4700
Facsimile: 415-772-4707

[Proposed] Liaison Counsel

Andrew L. Barroway
Stuart L. Berman
Darren J. Check
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: 610-667-7706
Facsimile: 610-667-7056

[Proposed] Lead Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERRY MILLER, Individually and On Behalf Of All Others Similarly Situated, | Case No.: 03-5421-RMW |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| LEAPFROG ENTERPRISES, INC., et al. | |
| Defendants. | CLASS ACTION |
| CAROL N. WEILL, Individually and On Behalf Of All Others Similarly Situated, | Case No.: 03-5481-RMW |
| Plaintiff, | |
| vs. | |
| LEAPFROG ENTERPRISES, INC., et al. | |
| Defendants. | |

MARC ABRAMS, Individually and On Behalf Of All Others Similarly Situated,

               Plaintiff,

     vs.

LEAPFROG ENTERPRISES, INC., et al.

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  03-5486-RMW

CAROLEE ORNELAS, Individually and On Behalf Of All Others Similarly Situated,

               Plaintiff,

     vs.

LEAPFROG ENTERPRISES, INC., et al.

              Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.:  03-5593-RMW

NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.: 03-5421

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 12, 2004, at 9:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Ronald M. Whyte, District Court Judge, Courtroom 6, 4th Floor, 280 South 1st Street, San Jose, California, 95113, the Motion To Appoint Analytic Financial Solutions, Inc. As Lead Plaintiff And Appointment Of Lead Counsel will be heard.

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Anlaytic Financial Solutions, Inc. moves for its appointment as lead plaintiff, Schiffrin & Barroway, LLP as lead counsel for the Class, and Kaplan Fox & Kilsheimer LLP as liaison counsel for the Class.

This motion is made on the grounds that Analytic Financial Solutions, Inc. is the most adequate plaintiff as defined by the PSLRA.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Between December 2, 2003 and December 12, 2003, four securities purchaser class action lawsuits were brought against LeapFrog Enterprises, Inc.  Each of these cases are related and their abbreviated captions are listed below (the "Related Actions"):

| Abbreviated Case Name | Case No. | Date Filed |
|---|---|---|
| *Miller v. LeapFrog Enterprises, Inc., et al.* | 03-CV-5421-RMW | 12/02/03 |
| *Weill v. LeapFrog Enterprises, Inc., et al.* | 03-CV-5481-RMW | 12/04/03 |
| *Abrams v. LeapFrog Enterprises, Inc., et al.* | 03-CV-5486-RMW | 12/04/03 |
| *Ornelas v. LeapFrog Enterprises, Inc., et al.* | 03-CV-5593-RMW | 12/12/03 |

Institutional investor Analytic Financial Solutions, Inc. ("Movant") has sustained losses totaling approximately $143,752.  Accordingly, Movant is believed to have suffered the largest financial losses of any other Movant, and, as such, has the largest financial interest in the outcome of this litigation.  Furthermore, Analytic Financial Solutions, Inc., located in Boca Raton, Florida, has submitted a certification executed by its President and Chief Executive Officer, Gary H. Elsner, demonstrating its desire to serve as the lead plaintiff in this action and its understanding of the

1

attendant duties and obligations of serving as such. *See* Fong Decl. at Exhibit A. As the most adequate plaintiff, as defined by the PSLRA, Movant hereby moves for its appointment as lead plaintiff of a proposed class of persons or entities who purchased or acquired the securities of LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company") between July 24, 2003 and October 21, 2003, inclusive (the "Class Period").

The Related Actions are all securities purchaser class action lawsuits that have been brought against the Company and certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

With total losses of approximately \$143,752 in connection with its purchases of LeapFrog securities during the Class Period, Movant is suitable and adequate to serve as lead plaintiff.[1] To the best of its knowledge, Movant's total losses of approximately \$143,752, represents the largest known financial losses of any Class member seeking to be appointed as lead plaintiff. *See* Fong Decl. at Exhibit C.[2] Movant is not aware of any other class member or plaintiff group that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses. In addition, Movant satisfies each of the requirements of the PSLRA and Fed. R. Civ. P. 23 and therefore, is qualified for appointment as lead plaintiff in these actions. Thus, as demonstrated herein, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff.

Movant respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) appointing Movant to serve as lead plaintiff pursuant to Section 21D of the Exchange Act; (2) approving the Movant's selection of Schiffrin & Barroway, LLP as lead counsel for the

---

[1] The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2) and based upon reference to information concerning the current market for the Company's securities.

[2] Movant's sworn certification documenting its transactions pursuant to the federal securities laws is attached as Exhibit A to the Declaration of Linda M. Fong In Support Of Motion To Appoint Analytic Financial Solutions, Inc. As Lead Plaintiff and To Approve Plaintiff's Choice of Counsel. (the "Fong Decl.").

2

Class; and (3) approving the Movant's selection of Kaplan Fox & Kilsheimer LLP as liaison counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced on or about December 2, 2003. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), on December 2, 2003, a notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than February 2, 2004. *See* Fong Decl. at Exhibit B.

Thus, as required by the recent amendments to the Exchange Act, the published notice advised class members of their right to move the Court to be appointed lead plaintiff within the prescribed time period. Movant is a class member (*see* Fong Decl. at Exhibit A) and is filing this motion within the 60 day period following publication of the December 2, 2003 notice.

## STATEMENT OF FACTS[3]

LeapFrog is a Delaware corporation with its principal executive offices located in Emeryville, California. LeapFrog is a designer, developer and marketer of technology-based educational products and related proprietary content to help pre-school through eighth grade children learn age and skill appropriate subject matter.

Throughout the Class Period, defendants failed to disclose that LeapFrog was aware its retail customers' orders were less than LeapFrog had forecast. On July 10, 2003, Mattel, Inc. released a similar product to LeapFrog's LeapPad called PowerTouch. Defendants were aware, during the Class Period, that Mattel's PowerTouch was outperforming LeapFrog's LeapPad line where LeapFrog's retail customers had decreased, or not placed, additional orders for LeapFrog products. Moreover, the Company knew that its third quarter 2003 projections would not be met because retail customers' orders were less than expected and some retail customers had delayed shipment until the fourth quarter 2003.

---

[3] These facts were derived from the allegations contained in the class action styled as *Abrams v. LeapFrog Enterprises, Inc., et al*., Case No. 03-CV-5486-RMW filed on December 4, 2003.

NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES          Case No.: 03-5421

On October 21, 2003, after the markets closed, LeapFrog announced its third quarter 2003 results when defendant Michael C. Wood ("Wood") indicated that the third quarter 2003 sales projections were not met because of the aforementioned reasons. In reaction to this news, LeapFrog's stock fell 25% to close at $34.89 per share on October 22, 2003 from $46.54 per share on October 21, 2003.

**ARGUMENT**

**I.      Movant Should Be Appointed As Lead Plaintiff**

       **A.      Movant Has Satisfied The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice over the Business Wire national wire service on December 2, 2003. *See* Fong Decl. at Exhibit B. [4] This notice indicated that applications for appointment as lead plaintiff were to be made no later than February 2, 2004.

Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

The purpose behind this detailed procedure is to encourage large investors, like the Movant, to take control of private securities litigation. Moreover, it reflects Congress' view that institutional plaintiffs, like Analytic Financial Solutions, Inc., have the expertise and financial wherewithal to seize the reigns of these class actions rather than ceding control to the lawyers. *See In re Nice Systems Securities Litig.,* 188 F.R.D. 206, 215-216 (D.N.J. 1999); *In re Donnkenny, Inc. Securities*

---

[4] The Business Wire service is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See generally In re Nice Systems Sec. Litig.,* 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996).

4

NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD      Case No.: 03-5421
PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

*Litig.,* 171 F.R.D. 156, 157 (S.D.N.Y. 1997) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, *reprinted in* U.S.C.C.A.N. 679, 730-31.).

### B.    Movant Constitutes The "Most Adequate Plaintiff"

According to the PSLRA, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency.  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel, supra,* 939 F. Supp. at 64.

In applying this presumption, Movant is demonstrably the most adequate plaintiff.  Movant has timely filed its motion to be appointed lead plaintiff; submitted a certification attesting to its transactions in LeapFrog securities during the Class Period; sustained the largest known financial losses as a result of their transactions in LeapFrog securities; and has selected and retained competent and experienced counsel to represent itself and the Class.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B), and respectfully submits that its application for appointment as lead plaintiff and its selection of lead counsel and liaison counsel should be approved by the Court.

### 1.    Movant Has Made A Motion For Its Appointment As Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on February 2, 2004.  Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed lead plaintiff on behalf of all class members covered by the Related Actions and any other actions deemed related by this Court.

In addition, Movant's President and Chief Executive Officer has duly signed and submitted a certification attesting to Movant's transactions in LeapFrog securities during the Class Period, and indicating its willingness to serve as a representative party on behalf of the class. *See* Fong Decl. at Exhibit A. In addition, the Movant has selected and retained competent and experienced counsel to represent itself and the Class. *See* a copy of the firm biographies of Schiffrin & Barroway, LLP and Kaplan Fox & Kilsheimer LLP attached to the Fong Decl. at Exhibits D and E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff and its selection of Schiffrin & Barroway, LLP to serve as lead counsel and Kaplan Fox & Kilsheimer LLP to serve as liaison counsel approved by the Court.

### 2.    Movant Has The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff(s) the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, the Movant has the largest known financial interest in the relief sought by the Class and accordingly, is presumed to be the "most adequate plaintiff."

Thus, Movant satisfies all of the PSLRA's requirements for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large investors, such as Analytic Financial Solutions, Inc., to come forward to serve as lead plaintiff. As the Statement of Managers of the Act noted:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiff by requiring courts to presume that the member of the purported class with the largest financial stake in the relief is the "most adequate plaintiff."
>
> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD       Case No.: 03-5421
PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

House Conference Report No. 104-369, 104th Cong. 1st Sess. At 34 (1995) (Emphasis added).

Similarly, the Senate report on the Act states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interest as the plaintiff class generally . . . .

Senate Report No. 104-98, 104th Cong. 1st Sess. At 11 (1995) (Emphasis added).

### 3.    Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1)  the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) ("The court need only consider whether [potential lead plaintiffs] meet the typicality and adequacy standard of Rule 23"); *Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997).   As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### a.    Movant Fulfills The Typicality Requirement

7

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *See In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.,* 506 U.S. 1088 (1993); *Eisenberg v. Gagnon,* 766 F.2d 770, 786 (3d Cir. 1985), *cert. denied,* 474 U.S. 946 (1985).  However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality.  Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named Plaintiff an`d those of other class members.  Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp,Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted).

Movant seeks to represent a class of purchasers of LeapFrog securities which have identical, non-competing and non-conflicting interests.  Movant satisfies the typicality requirement because, just like all other class members, it:  (1) purchased or acquired LeapFrog securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby.  Thus, Movant's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b.    Movant Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to represent the Class to whether there are any conflicts between the interests of Movant and the members of the Class.  15 U.S.C. §78u-4(a)(3)(B)(iii).  Movant is an adequate representative of the Class.  The interests of the Movant are clearly aligned with the members of the putative Class, and there is no evidence of any antagonism between their respective interests.  As detailed above, Movant shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members.  Further, Movant already has taken significant steps demonstrating that it has and will protect the interests of the Class: it has executed

8

a certification detailing its Class Period transactions and expressing its understanding of the duties and responsibilities of the lead plaintiff and its willingness to serve as such; it has moved this Court to be appointed as lead plaintiff in this action; and it has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. Furthermore, Movant has the largest known financial interest so that its "financial stake in the litigation provides an adequate incentive for the [Movant] to vigorously prosecute the action." *In re Milestone Scientific, supra,* 183 F.R.D. at 416. Thus, Movant *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Fed R. Civ. P. 23.

Clearly, Movant satisfies all prongs of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

**II.     The Court Should Approve Movant's Choice Of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movant has selected and retained Schiffrin & Barroway, LLP to serve as lead counsel for the Class and Kaplan Fox & Kilsheimer LLP to serve as liaison counsel for the Class. Schiffrin & Barroway, LLP and Kaplan Fox & Kilsheimer LLP have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Fong Decl. at Exhibits D and E, respectively. Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses -- which is the *only* evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint Analytic Financial Solutions, Inc. lead plaintiff and approve its selection of Schiffrin & Barroway, LLP as lead counsel for the Class and Kaplan Fox & Kilsheimer LLP as liaison counsel for the Class.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court: (a) appoint Analytic Financial Solutions, Inc. as lead plaintiff; (b) approve Schiffrin & Barroway, LLP as lead counsel for the Class; and (c) approve Kaplan Fox & Kilsheimer LLP as liaison counsel for the Class.

NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES          Case No.: 03-5421

DATED: February 2, 2004

Respectfully submitted

KAPLAN FOX & KILSHEIMER LLP

By:

_____/s/_____

Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone: 415-772-4700
Facsimile: 415-772-4707

[Proposed] Liaison Counsel


Andrew L. Barroway
Stuart L. Berman
Darren J. Check
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: 610-667-7706
Facsimile: 610-667-7056


[Proposed] Lead Counsel

NOTICE OF MOTION AND MOTION TO APPOINT ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD    Case No.: 03-5421
PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES