**E-FILED on 3/31/05**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERRY MILLER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LEAPFROG ENTERPRISES, INC., TIMOTHY M. BENDER, JAMES P. CURLY, MARK B. FLOWERS, THOMAS J. KALINSKE, ROBERT W. LALLY, JAMES L. MARGGRAFF, PAUL A. RIOUX, and MICHAEL C. WOOD<br><br>Defendants. | No. C-03-05421 RMW<br>    C-03-5481 RMW<br>    C-03-5486 RMW<br>    C-03-5593 RMW<br><br>ORDER CONSOLIDATING RELATED CASES, APPOINTING CUPPLES AND SULLIVAN AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL<br><br>**[Re: Docket Nos. 7, 19, 20, 28 & 39 (C-03-5421; 6 & 9 (C-03-5481); 6 & 9 (C-03-5486); and 7 & 10 (C-03-5593)]** |

Arlene Medlyn ("Medlyn"); Analytic Financial Solutions, Inc. ("Analytic"); Alice Cupples and William Sullivan ("Cupples Movants"); and Carol Weil, Robert Retke, Kirk Saleme and Lawrence Hecox, and Ted Hicks ("Hicks Movants") move for consolidation of related cases, appointment of lead plaintiff and approval of selection of lead counsel. The motion was heard on March 19, 2004. Thereafter, on November 16, 2004 Analytic withdrew its request to be appointed lead counsel. For the reasons set forth below, the court: (1) grants the motion for consolidation of related cases; (2) appoints Cupples Movants as lead plaintiff; and (3) approves Cupples Movants' selection of lead counsel.

# I. BACKGROUND

LeapFrog Enterprises, Inc. ("LeapFrog") is a Delaware corporation with its principal executive offices in Emeryville, California. LeapFrog designs, develops and markets technology-based educational products to retail outlets and schools. During the class period from July 24, 2003 through February 10, 2004, defendants allegedly failed to disclose that retail orders were less than LeapFrog had forecast. It is further alleged that LeapFrog knew that its third quarter 2003 projections would not be met because retail customers' orders were less than expected, and some retail customers had delayed shipment until the fourth quarter of 2003. On October 21, 2003 LeapFrog announced that its third quarter 2003 projections had not been met. Am. Compl. at 7-8. Plaintiffs contend that as a result, LeapFrog's stock fell 25% to close at $34.89 per share on October 22, 2003; LeapFrog's stock had sold for $46.54 per share on the previous day.

After the close of the market on February 10, 2004, LeapFrog released its financial results for the fourth quarter and fiscal year 2003. Plaintiff alleges that this disclosure revealed that LeapFrog failed to meet analysts' consensus earnings estimates and experienced a significant increase in accounts receivable. *Id.* at 2. On February 11, 2004 LeapFrog's shares dropped from $30.40 per share to $27 per share, on volume of nearly 6.3 million shares. *Id.* at 9.

Plaintiff Jerry Miller filed an initial a complaint on December 2, 2003 and an amended complaint on February 18, 2004, as *Miller v. LeapFrog Enter., Inc. et al.*, C-03-05421. The amended complaint set forth a federal securities class action on behalf of purchasers of publicly traded LeapFrog securities, alleging false and misleading statements, a fraudulent scheme, false financial reporting and insider trading.

A notice of this first complaint by Miller was published on December 10, 2003. Four sets of movants made motions to consolidate the action and for appointment as lead plaintiff. Medlyn claims $581 in damages; Analytic claims $143,752 in damages; Cupples Movants claim $35,950 in damages; and Hicks Movants initially claimed $30,457 in damages.

The Hicks Movants made an amended motion for appointment of lead plaintiff on February 18, 2004. The amended motion sought to add Ted Hicks to the Hicks Movants. Hicks Movants assert that since the Amended Complaint expanded the class period and added insider trading claims, Mr. Hicks

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                      2

should be added to represent the expanded class. Hicks Am. Mot. for Appointment of Lead Pl. ("Hicks Mot.") at 2; Hicks Reply at 3. Mr. Hick's claim for damages of $998,375 increases the Hicks Movants' damage claims to $1,028,832.

Hicks Movants subsequently filed an opposition to the other movants' motions to be appointed lead plaintiffs, arguing that they had the largest financial interest in the case. The Cupples Movants, Analytic and the Hicks Movants filed replies each arguing for appointment as lead plaintiff. The Cupples Movants and Analytic argue that the Hicks Movants cannot add Mr. Hicks because the statutory time requirement expired before he was added.

Three additional securities class action lawsuits were brought against LeapFrog, including *Weill v. LeapFrog Enter., Inc., et al.*, C-03-05481 (RMW) on December 4, 2003; *Abrams v. LeapFrog Enter., Inc., et al.*, C-03-05486 (RMW) on December 4, 2003; and *Ornelas v. LeapFrog Enter., Inc. et al.*, C-03-05593 (RMW) on December 12, 2003. Each of these actions alleges claims for violations of the Exchange Act and Securities and Exchange Commission (SEC) Rule 10b-5 on behalf of investors who purchased or otherwise acquired LeapFrog common stock during the class period. Cupples Mot. for Appointment of Lead Pl. ("Cupples Mot.") at 3. All movants seek consolidation of the related cases. Defendants agree that the four complaints are appropriate for consolidation pursuant to Fed. R. Civ. P. 42(a). Def.'s Resp. to Mot. for Consolidation at 5. They disagree over who should be appointed lead plaintiff.

## II. ANALYSIS

Section 21D of the Securities Exchange Act of 1934, amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), establishes procedures that govern the appointment of lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B). Through a three step process, the PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                  3

The most adequate plaintiff is selected as the lead plaintiff to oversee class actions brought under the federal security laws. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

The selection process begins once the first plaintiff files an action and publicizes the pendency of the action, the claims made and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A). Notice is published to inform the class members of their right to file a motion for appointment of lead plaintiff.[1] All motions must be filed "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u-4(3)(A)(i)(II). The PSLRA is unequivocal and allows for no exceptions. *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999); *see Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D.Cal. 2004). "The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed." *Id.* (emphasis in original). The obvious intent of these provisions is to ensure that the lead plaintiff is appointed at the earliest possible time and to expedite the lead plaintiff process. *Telxon*, 67 F.Supp 2d at 818-819. Thus, filing the complaint or a timely motion is the threshold requirement to serve as lead plaintiff.

The second determining factor requires choosing the "one who has the greatest financial stake in the outcome of the case." *Cavanaugh*, 306 F.3d at 729. The court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit" through "accounting methods that are both rationally and consistently applied."[2] *Id.* at 730. Upon determining the movant with

---

[1] Plaintiff must publish notice to the class within 20 days after the initial action is filed. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I).

[2] Despite the proposition that courts reject impermissible aggregations designed only to inflate the movant group's financial losses, Congress was primarily concerned with preventing overly large and unorganized classes being controlled by lawyers. *In re Network Associates, Inc., Securities Litigation*, 76 F.Supp. 2d 1017, 1022-1024 (N.D. Cal. 1999).

In determining which prospect for lead plaintiff status in a securities fraud class action satisfies the statutory requirement that it have the largest financial interest in relief, the court is to consider (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate losses suffered during the class period. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The opposing movants do not dispute each others' financial interests in relief on these grounds.

the largest financial interest, the court "must then focus its attention on that plaintiff and determine ... whether he satisfies the requirements of Rule 23(a)." *Id.*

In addition, the Exchange Act requires that, at the outset of the litigation, the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires satisfaction of four factors to serve as a class representative:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The typicality and adequacy requirements of Rule 23 are the main focus of step three of the PSLRA. *See Cavanaugh*, 306 F.3d at 730. Examination of the remaining requirements are deferred until the lead plaintiff moves for class certification. The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. Pro. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The plaintiff with the largest financial stake in the controversy that satisfies the typicality and adequacy requirements is presumed to be the most adequate plaintiff. *Cavanaugh*, 306 F.3d at 730.

The third step of the process is to "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d. The presumption of adequacy "may be rebutted only upon proof ... that the presumptively most adequate plaintiff" does not satisfy the adequacy or typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 729 n. 2.

If the presumptive lead plaintiff does not meet the typicality or adequacy requirement, the court determines whether the plaintiff with the next highest stake in the litigation has made a prima facie showing of typicality and adequacy. *Cavanaugh*, 306 F.3d at 731. "If so, it must declare that plaintiff the

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                                              5

presumptive lead plaintiff and repeat step three of the process by giving other plaintiffs an opportunity to rebut that showing.  This process must be repeated sequentially until all challenges have been exhausted." *Id.*

### A.    Timing of Motion

Analytic, Cupples Movants and Medlyn filed their motions for appointment of lead plaintiff within the sixty day time limit.  Although the Hicks Movants timely filed an initial motion, they subsequently invite the court to allow an amended motion to add Ted Hicks as lead plaintiff.  With this addition, the Hicks Movants would have the largest financial interest in the outcome of the case.  "The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed." *Telxon Corp*., 67 F. Supp. 2d at 818 (did not allow addition of members to perspective lead plaintiff group after the sixty day time restriction expired, even though the amended complaint was filed after the expiration of the time limit) (emphasis in original).  Allowing potential lead plaintiffs to "manipulate the size of their financial loss would[,] by enlarging the class period or adding additional persons to a 'group' in supplemental pleadings ... effectively render the strict time lines set forth in the PSLRA meaningless, and would nullify Congress' attempt to expedite the lead plaintiff approval process." *Id.*

The Hicks Movants argue there was just cause for adding Mr. Hicks after the sixty day time limit. They assert that Mr. Hicks could not qualify as a lead plaintiff under the original complaint because he bought stock after the original class period of July 24, 2003 to October 21, 2003.  However, because the amended complaint expanded the original period to July 24, 2003 to February 10, 2004, the new class period then gave Mr. Hicks standing to bring suit.  Therefore, the Hicks Movants argue that the amended motion for lead plaintiff, which adds Mr. Hicks to the Hicks Movants, should be permitted due to Mr. Hicks' circumstances.

The situation in *Texlon* is materially similar to the case at hand.  Just as in this case, an amended complaint, which expanded the class period, was filed after the sixty day time limit. *See Texlon Corp.*, 67 F. Supp. 2d at 806.  A potential lead plaintiff amended its previously filed motion for appointment of lead plaintiff on the basis of losses allegedly suffered during the expanded class period, which would have given

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                                      6

that movant the largest amount in controversy. *Id.* The amended motion was filed after the sixty day time limit. *Id.* Despite the movant's good motives, the *Texlon* court denied the movants request to add on the additional amount. The court explained that

> [t]he motives of the [movant], however, are irrelevant to the fact that supplementation is not contemplated by the PSLRA, and do not alter the fact that supplementation after the expiration of the sixty (60) day period would not only be inconsistent with the language and purposes of the PSLRA, but would effectively nullify the time limits expressly provided therein.

*Id.* at 819.

The court finds the reasoning in *Texlon* applicable to the case at hand.[3] Although the Hicks Movants' motives are to add a lead plaintiff that could not move under the original complaint, any motives are likewise irrelevant to the PSLRA's strict time requirement. Thus, the court declines the Hicks Movants' request to consider Mr. Hicks as a lead plaintiff, which puts Hicks Movants' financial interest to $30,457 at stake.

## B.    Financial Interest in the Controversy

"[T]he Reform Act provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." *Cavanaugh*, 306 F.3d at 732 (emphasis in original). The Cupples Movants have the largest financial interest of the two remaining contestants. Therefore, they are appointed lead plaintiff. Their choice of counsel is appropriate and approved.

## III.  ORDER

### A.    Motion to Consolidate Related Cases

1.    The following actions pending in the Norther District are, until further order of this court, consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure before the Honorable Ronald M. Whyte: *Miller v. LeapFrog Enter., Inc., et al.*, C-03-05421 (RMW), *Weill v.*

---

[3]    The Hicks Movants cite an unpublished case, *Schulman v. Lumenis, Ltd.*, which allowed lead plaintiffs to amend their motion for appointment after the sixty day time limit because they had previously timely filed a motion. 2003 U.S. Dist. LEXIS 10348 at *15-16 (S.D.N.Y. June 2003). However, as this is an unpublished case, the court will follow *Texlon*'s broad proposition of requiring strict time limits.

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                7

*LeapFrog Enter., Inc., et al.*, C-03-05481 (RMW); *Abrams v. LeapFrog Enter., Inc., et al.*, C-03-05486 (RMW); and *Ornelas v. LeapFrog Enter., Inc. et al.*, C-03-05593 (RMW).

2.    These actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this court or transferred to this court that relates to the same subject matter as in the Consolidated Actions:

a.    The short caption of the Consolidated Actions shall be "In re LeapFrog Enterprises, Inc. Securities Litigation." Any other action now pending or hereafter filed in this District as a class action on behalf of acquirers of LeapFrog Enterprises, Inc. between July 24, 2003 through February 10, 2004, inclusive, which arises out of the same facts as alleged in the Consolidated Actions, shall be consolidated for all purposes as soon as it is brought to the court's attention.

b.    All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court.  A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the Order is mailed to the party's counsel.

c.    This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

d.    The docket in Civil Action No. C-03-05421(RMW) shall constitute the Master Docket for this action.

e.    Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC., SECURITIES LITIGATION | No. C-03-05421 (RMW) And Related Cases |
| | CLASS ACTION |

This Document Relates to:

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                          8

f.       A Master Docket and a Master File are hereby established for the Consolidated Actions under Master File No. C-03-05421 (RMW). When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, the court's docket number for each individual action to which the paper is intended to be applicable and the last name of the plaintiff in such action shall appear immediately after the words "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. C-03-05421 (RMW) (Miller))."

g.       When a pleading is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed or docket entries made.  When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the Consolidated Actions, the Clerk need file such pleading only in the Master File but, nonetheless, shall note such filing in both the Master Docket and in the docket of each such action.

h.       When a case that relates to the subject matter of the Consolidated Actions is hereafter filed in this court or transferred here from another court, the Clerk of the court shall:

1.       place a copy of this Order in the separate file for such action;

2.       mail a copy of the Order of assignment to counsel for plaintiffs and to counsel for defendants in the Consolidated Actions;

3.       mail to the attorneys for the plaintiff(s) and to any new defendant(s) in the newly filed or transferred action a copy of this Order; and

4.       make an appropriate entry in the Master Docket.

i.       The court requests the assistance of counsel in calling to the attention of the Clerk of this court the filing or transfer of any case that might properly be consolidated as a part of In re LeapFrog Enterprises, Inc. Securities Litigation.

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                 9

j.      Lead plaintiff shall serve upon defendants a single, consolidated, amended class action complaint (the "Complaint").  The Complaint shall be served within thirty (30) days of the entry of an Order appointing lead plaintiff and lead counsel for plaintiffs and the class, or such other time as may be mutually agreed by the parties.  The Complaint shall supersede all existing complaints in the actions.  No defendant is required to answer, move, or otherwise respond to any of the initial complaints filed in the Action.  Defendants shall answer, move, or otherwise respond to the Complaint within thirty (30) days after its service on them, or such other time as may be mutually agreed upon by the parties.  In the event that defendants move to dismiss the Complaint, plaintiffs shall have thirty (30) days or such other time as may be mutually agreed upon by the parties to oppose such motion and defendants shall have thirty (30) days from the date of service of the opposition to reply.

k.      This Order shall apply to each case subsequently filed in this court or transferred to this court, unless a party objecting to the consolidation of such case or to any other provision of this Order files, within thirty (30) days after the date upon which a copy of this Order is mailed to counsel for such party, an application for relief from this Order or any provision herein and this court deems it appropriate to grant such application.

**B.      Motion to Appoint Lead Plaintiff and Approval of Lead Counsel**

1.      Analytic Financial Solutions, Inc. is appointed as lead plaintiff for the putative class and any subsequently consolidated or related action to represent the interests of the putative class.

2.       Lead plaintiffs' selection of lead counsel for the putative class is hereby approved. Patrick J. Coughlin and Kimberly C. Epstein of the law firm of Milberg, Weiss, Bershad, Hynes & Lerach LLP are appointed lead counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

3.      Co-Lead counsel shall have authority to speak for all plaintiffs and putative class members in all matters regarding the litigation including, but not limited to, pretrial proceedings, motion practice, trial, and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.  Additionally, co-lead counsel shall have the following responsibilities:

a.    to brief and argue motions and file opposing briefs in proceedings initiated by other parties;

b.    to initiate and conduct discovery proceedings, including, but not limited to, the preparation of discovery materials and discussions or negotiations concerning discovery issues;

c.    to direct and coordinate the examination of witnesses in depositions and on oral interrogatories;

d.    to act as spokespersons at court conferences and hearings;

e.    to delegate responsibilities for specific tasks to other counsel in a manner to assure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

f.    to consult with and call meetings of plaintiffs' counsel when they deem it appropriate;

g.    to consult with and employ experts;

h.     to negotiate with and enter into agreements with defendants' counsel with respect to settlement and other matters;

i.    to coordinate this action with any related state or Federal court proceeding that involves issues similar to those raised in this consolidated action in order to avoid unnecessary duplication, expense, and effort;

j.    to conduct all pretrial, trial, and post-trial proceedings; and

k.    to perform such other duties as they deem necessary, or as may be expressly authorized by further order of the court.

3.    Co-Lead counsel shall be responsible for coordinating all activities and appearances on behalf of the putative class and for disseminating notices and orders of this court.

4.    No motion, application or request for discovery shall be served or filed, or other pretrial proceedings initiated, on behalf of lead plaintiff, except through co-lead counsel.

5.    All notices, proposed orders, pleadings, motions, discovery, and memoranda shall be served upon co-lead counsel by overnight mail service, telecopy, or hand delivery.

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                                          11

6.    Co-Lead counsel for the putative class shall be available and responsible for communications to and from the court.  Co-Lead counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

7.    Defendants' counsel may rely upon all agreements made with co-lead counsel.

8.    This Order shall apply to each case subsequently filed in this court or transferred to this court, unless a party objecting to the consolidation of such case or to any other provision of this Order files within thirty (30) days after the date upon which a copy of this Order is mailed to counsel for such party, an application for relief from this Order or any provision herein and this court deems it appropriate to grant such application.

**C.    Pleadings and Motions**

1.    Defendants are not required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint or a complaint designated as the operative complaint.

2.    Lead Plaintiff shall file a consolidated complaint within thirty (30) days after filing the order designating the Lead Plaintiff unless otherwise agreed upon by the parties. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

3.    Defendants shall respond to the consolidated complaint within thirty (30) days after service, unless otherwise agreed upon by the parties. If defendants file any motions directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty (30) days, of that response, unless otherwise agreed upon by the parties.

4.    The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by first-class mail, unless otherwise agreed upon by the parties.

5.    Plaintiffs shall file a motion for class certification within thirty (30) days after service of the consolidated complaint. Counsel shall propose to the court a mutually agreeable

schedule for class certification discovery and for briefing and hearing of such motion.

**D.     Discovery**

1.     The following definitions shall presumptively apply in all discovery issued in this action:

a.     Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b.     Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

c.     Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.     Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

e.     Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.     Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

g.     Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                                    13

h.    The following rules of construction apply to all discovery requests:

i.    All/each. The terms "all" and "each" shall be construed as all and each.

ii.    And/or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

i.    Number.  The use of the singular form of any word includes the plural and vice versa.

2.    All parties will comply with 15 U.S.C. § 78u-4(C)(i).

DATED:    3/31/05                                      /s/ *Ronald M. Whyte*
                                                       RONALD M. WHYTE
                                                       United States District Judge

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD
PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                      14

**Notice of this document has been electronically sent to:**

**Counsel for Defendant:**

Daniel W. Turbow              dturbow@wsgr.com

Kassra Powell Nassiri    knassiri@wsgr.com

**Counsel for Plaintiff:**

Michael M. Goldberg        info@glancylaw.com

Darren J. Check              dcheck@sbclasslaw.com

Laurence D. King            lking@kaplanfox.com

Linda M. Fong                lfong@kaplanfox.com

Patrick J. Coughlin          patc@mwbhl.com

Darren J. Robbins          drobbins@mwbhl.com

William S. Lerach            billl@mwbhl.com

Kimberly C. Epstein        kimcor@mwbhl.com

Luke O. Brooks              lukeb@mwbhl.com

Dated: <u>3/31/05</u>                          <u>   /s/ JG            </u>
                                                        Chambers of Judge Whyte

ORDER CONSOLIDATING RELATED CASES, APPOINTING ANALYTIC FINANCIAL SOLUTIONS, INC. AS LEAD
PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05421 RMW
JTH                                                    15