Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
Nicole Lavallee (165755)
Julie J. Bai (227047)
**BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email:  nlavallee@bermanesq.com

*Liaison Counsel for the Class*

Steven J. Toll (admitted *pro hac vice*)
Elizabeth Berney (admitted *pro hac vice*)
Matthew K. Handley (admitted *pro hac vice*)
**COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699
Email:  stoll@cmht.com

*Lead Counsel for the Class*

*E-FILED - 9/29/2008*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | **CIVIL ACTION NO. C-03-05421-RMW** |
| This Document Relates To: | **[] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| All Actions<br><br>C-03-05481-RMW<br>C-03-05486-RMW<br>C-03-05593-RMW<br>C-05-01695-RMW<br>C-05-02279-RMW | DATE:      July 18, 2008<br>TIME:      9:00 A.M.<br>JUDGE:    The Hon. Ronald M. Whyte<br>PLACE:    Courtroom 6, 4th Floor |

[C-03-05421-RMW] [] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

# ORDER AND FINAL JUDGMENT

On the 18th day of July, 2008, a hearing having been held before this Court to determine: (a) whether the above-captioned federal securities class action (the "Action") satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement, filed with this Court on April 18, 2008 (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (c) whether the proposed allocation of the Settlement fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims as against the Released Persons, as set forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (f) such other matters as the Court might deem appropriate; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing ("Notice") substantially in the form approved by the Order for Notice and Hearing dated May 1, 2008 was mailed to all persons and entities reasonably identifiable who purchased the Class A common stock and options that are the subject of the Action during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of Proposed Settlement of Class Action ("Summary Notice") substantially in the form approved by the Court in the Order for Notice and Hearing was published pursuant to the specifications of the Court; and

The Court having considered the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

[C-03-05421-RMW] [] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE                                                                                           - 1 -

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members and Defendants.

2. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby finds that the Notice distributed to the Class provided the best notice practicable under the circumstances.  The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation of the Settlement Fund, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Final Judgment.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons or entities who purchased or otherwise acquired Class A common stock and options of LeapFrog between July 24, 2003 and October 18, 2004, inclusive.  Excluded from the Class are Defendants; the other officers and directors of LeapFrog during the Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in

which Defendants have or had a controlling interest.  Also excluded from the Class are all the persons and entities listed on Exhibit A attached hereto, each of whom timely filed a valid request for exclusion from the Class.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as class representatives and Lead Plaintiff's selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as counsel for the Class is approved.

7.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.    The Action is hereby dismissed with prejudice and without costs.

9.    Lead Plaintiff and the Class, on behalf of themselves and each of their respective past or present officers, directors, shareholders, employees, agents, attorneys, general or limited partners, managers, members, affiliates, parents, subsidiaries, issues, heirs, spouses, representatives, successors and assigns, and any persons they represent, shall with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claim against any and all of the Released Persons.  All Class Members shall be conclusively deemed to have released and forever discharged any Released Claim against any and all of the Released Persons, and are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all Released Claims against the Released Persons whether or not they have submitted a Proof of Claim.

10.    Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11.    The Court finds that all parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)    offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)    offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statements or written document approved or made by any Defendant;

(c)    offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder including to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)    construed against Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as, or received in evidence as, an admission, concession or presumption against the Lead Plaintiffs or the Class that any of its claims are without merit or that damages recoverable under any of the complaints filed in the Action would not have exceeded the Settlement Fund.

13. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14. A separate order shall be entered to approve Lead Plaintiff's Counsel's application for fees and reimbursement of costs and expenses as allowed by the Court. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the motion for approval of the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

15. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

16. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions as of January 28, 2008.

Dated: ___9/29/08_____

_Ronald M. Whyte_____

**THE HONORABLE RONALD M. WHYTE**
**UNITED STATES DISTRICT JUDGE**

[C-03-05421-RMW] [] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE                                                                    - 5 -